# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

GREATER HALL TEMPLE CHURCH OF     \*
GOD IN CHRIST, INC.,

                                \*

         Plaintiff,             \*         CIVIL ACTION NO.: 2:17-cv-111

                                \*

     v.                      \*

                                \*

SOUTHERN MUTUAL CHURCH         \*
INSURANCE COMPANY,            \*

                                \*

         Defendant.           \*

## O R D E R

Before the Court are Plaintiff's Objections to portions of the Magistrate Judge's Order dated April 1, 2021 and Defendant's Response to Plaintiff's Objections. Dkt Nos. 113, 116. In that Order, the Magistrate Judge ruled on Defendant's motion on evidentiary objections, motion in limine, and motion in limine to exclude testimony proffered by Plaintiff's witnesses not properly disclosed in written discovery. Dkt. Nos. 88, 90, 100. After careful review, Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's April 1, 2021 Order is **AFFIRMED**. Dkt. No. 107.

**BACKGROUND**

This case involves an insurance dispute between the parties; specifically, whether damage from a hurricane to Plaintiff's roof is covered by its insurance policy from Defendant.  In preparation for trial, Defendant filed a motion on evidentiary objections, dkt. no. 88, motion in limine, dkt. no. 90, and motion in limine to exclude testimony proffered by Plaintiff's witnesses not properly disclosed in written discovery ("second motion in limine"), dkt. no. 100.  In its motions, Defendant asked the Court to exclude certain evidence and testimony.  Plaintiff filed responses, opposing only some parts of Defendant's motions.  Dkt. Nos. 97, 98, 101.  Additionally, the Magistrate Judge held a hearing on March 25, 2021.  Dkt. 106.  The hearing focused on Defendant's objections to Plaintiff calling Michael Collins to testify and Plaintiff using Collins's photos at trial.

The Magistrate Judge issued an Order on these motions.  Dkt. No. 107.  The Magistrate Judge's Order sustained in part, overruled in part, and denied as moot in part Defendant's motion on evidentiary objections, dkt. no. 88; granted Defendant's motion in limine, dkt. no. 90; and granted in part and denied in part Defendant's motion in limine to exclude testimony proffered by Plaintiff's witnesses not properly disclosed in written discovery, dkt. no. 100.  Dkt. No. 107.

AO 72A
(Rev. 8/82)

Before the Court now are Plaintiff's objections to six of the Magistrate Judge's rulings. Dkt. No. 113 (citing Local R. 72.2). First, Plaintiff contends the Magistrate Judge incorrectly sustained Defendant's objection to Plaintiff's Exhibit 6, i.e. photographs taken by Defendant's non-testifying expert, Michael Collins. Id. at 1–5. Plaintiff also objects to the Magistrate Judge's ruling which granted Defendant's motion seeking to prohibit Plaintiff from calling Collins to testify. Id. Next, Plaintiff argues the Magistrate Judge erroneously dismissed its argument that the Cram Report should be admissible because Defendant relied on it in its motion for summary judgment.[1] Id. at 5–6. Additionally, Plaintiff challenges the Magistrate Judge's ruling that Plaintiff is prohibited from presenting argument about (1) the applicable deductible and (2) damage to the parsonage building. Id. at 6–7. Finally, Plaintiff challenges the Magistrate Judge's ruling prohibiting Plaintiff from offering expert testimony on attorney's fees. Id. at 7–8.

Defendant filed a Response to Plaintiff's Objections. Defendant argues the Magistrate Judge's rulings were not clearly erroneous or contrary to law and thus urges the Court to overrule Plaintiff's Objections. Dkt. No. 116.

---

[1] However, the Magistrate Judge overruled Defendant's objection seeking to exclude the Cram Report because the arguments were so vague he could not conclude the Report was inadmissible on all grounds. Dkt. No. 107 at 2, 17–20.

**DISCUSSION**

I.   **Standard of Review**

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

II.  **Analysis**

A.   **Objections Related to Michael Collins**

First, Plaintiff objects to the Magistrate Judge's ruling prohibiting Plaintiff from calling Michael Collins, Defendant's non-testifying expert, to testify at trial and prohibiting Plaintiff from using photographs taken by Collins. Dkt. No. 113 at 1-5. In Defendant's Response, it asserts the Magistrate Judge correctly applied applicable law and Plaintiff cannot meet the

clearly erroneous or contrary to law standard required for this Court to modify or set aside the Magistrate Judge's Order.

The parties' arguments on the issue of Collins's testimony and admissibility of the photographs he took are merely a restatement of the briefing considered by the Magistrate Judge and arguments presented at the hearing on the issue. <u>See</u> Dkt. No. 107.

While Plaintiff takes issue with several findings made by the Magistrate Judge, the objections are meritless. First, Plaintiff asserts Defendant disclosed Collins as someone who "<u>did</u> have discoverable information." Dkt. No. 113 at 2 (emphasis in original). However, this assertion is not supported by the record. In the initial disclosures provided to the Court, Defendant identified Collins as an "individual likely to have discoverable information." Dkt. No. 101-1 at 1. Further, even if Collins were identified as someone with discoverable information, Plaintiff fails to explain how this changes the analysis or represents a waiver of any protections by Defendant. As the Magistrate Judge explained, the relevant inquiry was whether Defendant was free to, and did, designate Collins as a non-testifying expert even after the initial disclosures. <u>See</u> Dkt. No. 107 at 8-9. Here, the Magistrate Judge correctly found Collins was a non-testifying expert based on the record. Moreover, Plaintiff still fails to point to any case law supporting its argument that identification

of a non-testifying expert in initial disclosures prohibits a party from asserting the protections of Federal Rule of Civil Procedure 26(b)(4)(D).

Additionally, Plaintiff argues the Magistrate Judge's statement that "Plaintiff was fully able to obtain all the same facts and opinions by engaging its own consulting expert" was erroneous because it never hired a consulting expert. Dkt. No. 113 at 3. However, the Magistrate Judge's statement, when read in context of the Order, is not confusing. The Magistrate Judge explained Plaintiff may have been able to call Collins to testify by demonstrating exceptional circumstances or by showing it could not have obtained the same information Collins did by hiring its own expert. See Dkt. No. 108 at 12. But Plaintiff failed to make such a showing and instead the Magistrate Judge observed Plaintiff could have hired its own consulting expert, i.e., Plaintiff was theoretically able to obtain the same facts and opinions.

Next, Plaintiff objects to the Magistrate Judge's ruling on the photographs, which the Magistrate Judge found were protected by the work-product doctrine found in Federal Rule of Civil Procedure 26(b)(3). Id. at 13. Plaintiff argues photographs are not protected work-product because they do no convey mental thoughts or impressions. Id.

Plaintiff appears to be drawing a distinction between factual product and opinion work product. However, this distinction does

AO 72A
(Rev. 8/82)

not determine whether something is protected by Rule 26(b)(3)(A) but rather the showing that is required to overcome those protections.[2]   The Eleventh Circuit has held the disclosure of factual work product may be compelled upon a requisite showing of substantial need and undue hardship whereas opinion work-product enjoys a nearly absolute immunity.   To put it differently, opinion work product is discoverable only in "very rare and extraordinary circumstances."   Cox v. Admin. U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994).

Here, the Magistrate Judge did not rule the photographs at issue are absolutely protected by the work-product doctrine but instead analyzed whether Plaintiff made the necessary showing— substantial need and undue hardship—to overcome the work-product privilege applied to photographs.   Dkt. No. 107 at 16 (citing Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir. 1984)).   The Magistrate Judge determined Plaintiff did not meet this showing, and Plaintiff offers no argument in its Objections to the contrary.

---

[2]   Courts routinely find photographs are protected by work-product privilege, even if they are discoverable due to an exception to that doctrine.   Pinkey v. Winn-Dixie Stores, Inc., No. CV214-075, 2015 WL 858093, at *6 (S.D. Ga. Feb. 27, 2015) (explaining courts often find photographs are protected by Federal Rule of Civil Procedure 26(b)(3) but recognizing that protection is often overcome by a showing of substantial need).

AO 72A
(Rev. 8/82)

Finally, the Court addresses Plaintiff's contention opposing the Magistrate Judge's finding that Defendant met its burden of establishing the photographs were prepared in anticipation of litigation. Dkt. No. 113 at 4. Plaintiff asserts the Magistrate Judge's finding that counsel's testimony established Collins was hired in anticipation of litigation is incorrect because counsel never testified. Indeed, Defendant's counsel did not testify, as the Magistrate Judge explained in other parts of the order; rather than testify, counsel stated facts in her place as an officer of the court. <u>See</u> Dkt. No. 107 at 6, 8. Specifically, Defendant's counsel stated in her place that Collins was first hired after Plaintiff filed its complaint. Plaintiff had no objection to this proffer at the hearing. To the extent Plaintiff now objects to the form of proof, defense counsel is **DIRECTED** to reduce this proffer to a sworn statement by April 21, 2021. If defense counsel is unable to do so, the Court may revisit this determination. Thus, the Court **PROVISIONALLY OVERRULES** Plaintiff's objection and finds the Magistrate Judge correctly concluded Collins was hired in anticipation of litigation.

**B.    Objections Related to the Parsonage Building Damage**

Next, Plaintiff objects to the Magistrate Judge's granting the portion of Defendant's motion to exclude references to damages to the parsonage building and amounts owed for such damage. Dkt. No. 113 at 6. Specifically, Plaintiff claims it was "inaccurate"

for the Magistrate Judge to grant Defendant's motion as unopposed. Id. at 6. The Court has reviewed the record and agrees Plaintiff did not object to Defendant's motion related to the parsonage building damage. Yet, Plaintiff now insists that references to such damage should be admissible because "damage to the parsonage is mentioned in the Complaint." Dkt. No. 113 at 6-7. However, Plaintiff fails to demonstrate how "mentioning" this damage in the Complaint constitutes an opposition to a motion in limine filed years later. Moreover, the specific damage described in the Complaint was that "heavy rains" caused "extensive damage to the structure of the sanctuary" and "[t]he insured sanctuary suffered damage in an amount of not less than $215,237.38."[3] Dkt. No. 1-1. Damage to the sanctuary is not the same as the damage to the parsonage building. Thus, even if the Court were to consider the language of the Complaint, this still does not serve as opposition to Defendant's motion in limine.

Plaintiff also contends that damage to the parsonage is "described in the Pretrial Order." Dkt. No. 113 at 7. As an initial

---

[3] No damages are sought for the parsonage in the Complaint. Indeed, Plaintiff's claim for bad faith, stated in its Complaint, confirms that only damages for the sanctuary are sought. A claim for bad faith penalties pursuant to O.C.G.A. § 33-4-6 permits the insured to seek a penalty of up to fifty percent of the liability of the insurer. In its Complaint, Plaintiff only sought bad faith penalties in the amount of $107,618.69—which is exactly fifty percent of the alleged sanctuary damage. Dkt. No. 1-1 at 3. Thus, the Complaint clearly seeks damages for the sanctuary only; no damages are sought for the parsonage.

AO 72A
(Rev. 8/82)

point, the parsonage damage was described in the *proposed* pretrial order, submitted by the parties to the Court. Dkt. No. 86. Moreover, Plaintiff fails to demonstrate how describing damage in a proposed pretrial order can serve as an objection to Defendant's later-filed motion in limine; especially when Plaintiff's actual response to the motion in limine, dkt. no. 97, is devoid of any such argument. Plaintiff seems to argue that the Complaint was automatically amended by the pretrial order. While that can occur, it does not when, as here, the Defendant specifically objects to adding the new parsonage claim—long after the deadline to add such a claim has expired. The fact is, Plaintiff attempted to use the pretrial order as an amendment vehicle, but Defendant filed a timely and valid motion in limine and succeeded in stopping any such late amendment. Plaintiff failed to plead a claim to recover any damage to the parsonage building in its initial complaint. Plaintiff has further failed to seek leave from the Court to add such a claim as required by Fed. R. Civ. P. 15(a). Plaintiff cannot now use an objection to the Magistrate Judge's ruling to seek a new form of recovery in damages to the church parsonage building or to add additional objections to Defendant's motion in limine.

As Plaintiff failed to present any argument in its briefing to the Magistrate Judge on the exclusion of parsonage damage, the Court need not consider it now. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir.2009) (approving district court's refusal to

consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Even considering the new arguments, they lack merit. Accordingly, the Court **OVERRULES** Plaintiff's Objections. Plaintiff is prohibited from referencing damages to the parsonage building and amounts allegedly owed for such damage.

### C.   Objections Related to the Policy Deductible

Similarly, Plaintiff challenged the Magistrate Judge's ruling that excluded evidence related to the enforceability of the five-percent deductible.  Dkt. No. 113 at 6-7.  The Magistrate Judge also granted as unopposed Defendant's motion to exclude evidence and argument that would dispute the enforceability of the five-percent Windstorm or Hail Deductible contained in insurance policy No. SMP00665400.  Dkt. No. 107 at 26.  The Court has reviewed the record and agrees Plaintiff did not object to Defendant's motion related to the policy deductible.  As Plaintiff failed to present any argument in its briefing to the Magistrate Judge, the Court need not consider it now.  See <u>Williams</u>, 557 F.3d at 1291.

Even considering Plaintiff's argument, however, evidence related to the policy deductible would be excluded because there is no genuine dispute that the deductible was erroneously applied. Plaintiff insists that the "applicable deductible is [sic] matters for the jury's consideration since conflicting documents may make the policy terms and conditions an issue for the jury."  Dkt. No.

113 at 6.   However, Plaintiff fails to identify any conflicting documents that would present a genuine conflict as to the applicable deductible.   In other parts of the record, Plaintiff has insisted that the two-percent deductible found on a claimed insurance binder sheet should apply.   <u>See e.g.</u>, Dkt. No. 59 at 13. However, the binder sheet, as a matter of contract law, *does not* create a conflict for the jury to decide regarding the applicable deductible.   "It is '[h]ornbook insurance law that a binder merges into the subsequently issued policy so that the terms and conditions of the policy, in case of conflict or ambiguity, are controlling.'"   <u>King v. Allstate Ins. Co.</u>, 906 F.2d 1537 (11th Cir. 1990) (quoting <u>Brister v. Gulf Cent. Pipeline Co.</u>, 618 F. Supp. 104, 110 (W.D. La. 1985), <u>aff'd</u>, 788 F.2d 1564 (5th Cir. 1986)) (second alteration in original).   Furthermore, Georgia law affirms that the policy takes precedent over the binder sheet submitted.   <u>See</u> O.C.G.A. § 33–24–33(b) ("No binder shall be valid beyond the issuance of the policy with respect to which it was given.").

Here, the language from the wind and hail endorsement section of the relevant insurance policy clearly indicates that the deductible was agreed upon at five percent.   Dkt. No. 48-7 at 45. In its Complaint, Plaintiff submitted that it was insured under this policy but did not challenge any of the provisions therein. Dkt. No. 1-1 at 1. The record also includes an Acknowledgment

provision of the same wind and hail endorsement section, requiring Plaintiff to set forth its signature to acknowledge that "the policy or application referenced on this form includes a windstorm or hail deductible." 64-1 at 3.  A signature on behalf of Plaintiff appears below this provision on the Acknowledgment and has not been disputed before the Court.[4] Id.  Additionally, Plaintiff has not offered any other argument as to how a genuine conflict regarding the applicable deductible may be present.  Accordingly, the Court **OVERRULES** Plaintiff's Objections.  Plaintiff is prohibited from introducing evidence or argument challenging the enforceability of the five-percent Windstorm or Hail deductible.

### D.   Objections Related to Attorney's Fees

Finally, Plaintiff objects to the Magistrate Judge's holding that Plaintiff was required to disclose an attorney's fees expert during discovery in accordance with the Federal Rules of Civil Procedure.  Dkt. No. 109 at 7-8. On April 7, 2021, the Court granted summary judgment on Plaintiff's claim for bad faith penalties and reasonable attorney's fees pursuant to O.C.G.A. § 33-4-6.  Dkt. No. 108.  Thus, as Plaintiff acknowledges in its objection, that ruling renders moot any need for testimony as to

---

[4] In its Motion to Amend/Correct Proposed Pretrial Order, Defendant relayed Plaintiff had mentioned on counsels' telephone conferences that Plaintiff would be disputing the authenticity of the signature on the Acknowledgment. Dkt. No. 89 at 2. However, Plaintiff did not raise this issue in its motion in limine response and has not put the authenticity of the signature before this Court.

attorney's fees.   Nonetheless, Plaintiff still submits that "the decision of the Magistrate Judge should be vacated should [attorney's fees] ever become an issue."   Dkt. No. 113 at 8. Assuming attorney's fees were recoverable, Plaintiff insists in its objection that expert testimony would not be required because "the attorney is simply giving an opinion as to what a reasonable attorney's fee would be."   Id.   However, case law makes clear that "the *reasonableness* and necessity of the expenses of litigation and attorney fees are matters for expert opinion."   Cockfield v. United States, No. CV212-150, 2013 WL 12157589, at *1 (S.D. Ga. Dec. 2, 2013) (emphasis added) (quoting Tindall v. H & S Homes, LLC, No. 5:10-CV-044, 2012 WL 3637745, at *1 (M.D. Ga. Aug. 22, 2012) (citation omitted)).   Accordingly, an attorney's intent to testify at trial, even to the reasonableness of attorney's fees, should be disclosed under the Federal Rules of Civil Procedure and an expert report should be filed. Cockfield, 2014 WL 12157589, at *1.   Nonetheless, the Court's April 7 grant of summary judgment as to Plaintiff's bad faith claim renders Plaintiff's objection moot. Accordingly, the Court **OVERRULES** Plaintiff's Objections.

### CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the

opinion of the Court, and **OVERRULES** Plaintiff's Objections, dkt.

no. 113.

    **SO ORDERED**, this 20th day of April, 2021.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA